

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUCAS VARELA PEDRO,

                Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.   23-3611

Agency No.  A216-383-998

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2024[**]
Phoenix, California

Before:     TASHIMA, M. SMITH, and BADE, Circuit Judges.

     Petitioner Lucas Varela Pedro, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals (BIA).  The BIA

affirmed without opinion Petitioner's appeal of a decision of the Immigration

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Judge (IJ), pursuant to 8 C.F.R. § 1003.1(e)(4).  The IJ denied his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), and ordered his removal to Mexico.[1]  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The IJ's finding that Petitioner failed to establish eligibility for CAT relief is supported by substantial evidence.  *See Umana-Escobar v. Garland*, 69 F.4th 544, 553 (9th Cir. 2023) (reviewing the denial of CAT relief for substantial evidence); *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) (per curiam) ("When the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action." (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1184 (9th Cir. 2006))).  Petitioner testified that he was not previously threatened or harmed in Mexico, but he was afraid of being kidnapped by criminals if returned to Mexico because he had three friends who had been kidnapped after returning from the United States.  Petitioner's evidence is insufficient to establish that it is more likely than not that he, "in particular, would be . . . subject to harm amounting to torture by or with the aid or acquiescence of," a government official or person acting in an official capacity.  *Garcia v. Wilkinson*, 988 F.3d 1136, 1147 (9th Cir. 2021); *Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (citation omitted).

---

[1] Petitioner seeks review only of the denial of CAT protection.

The petition for review is **DENIED**.